**In re IMAGE MASTER, INC., et al., Debtors.**

**Nos. 07–21586REF, 07–21587REF, 07–21588REF, 07–21589REF, 07–21590REF, 07–21591REF.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 4, 2009.

William R. Hinchman, Esq., Klehr Harrison Harvey Branzburg and Ellers, LLP, Denis C. Dice, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, P.C., Philadelphia, PA, for Movant, Mutual Service Corporation.

Joel A. Goodman, Esq., Goodman & Nekvasil, P.A., Clearwater, FL, for The Arbitration Claimants.

Lawrence J. Kotler, Esq., Duane Morris, LLP, Philadelphia, PA, for Image Master, Inc.'s Trustee.

*STATEMENT IN SUPPORT OF ORDER DATED MARCH 4, 2009 DENYING MOTION OF MUTUAL SERVICE CORPORATION REQUESTING (I) AN ORDER TRANSFERRING ACTIONS PENDING IN ARBITRATION TRIBUNALS OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY TO THE BANKRUPTCY COURT, OR (II) IN THE ALTERNATIVE, AN ORDER STAYING SUCH ACTIONS*

RICHARD E. FEHLING, Bankruptcy Judge.

Mutual Service Corporation ("MSC") has filed a motion ("MSC's Motion") asking that I order the transfer to this court of approximately 270 to 350 or so claims pending against it before 21 different arbitration panels of the Financial Industry Regulatory Authority ("FINRA").[1] Re-

---

1. The record does not clearly identify the number of arbitration cases sought to be transferred by MSC in this Motion. MSC identifies the cases it seeks to transfer as "21 separate actions, commenced against it by

sponses were filed to MSC's Motion by the Claimants [2] and the Chapter 7 Trustee. I heard oral argument on MSC's Motion on February 27, 2009.

■ I believe that I lack the authority and discretion to negate enforcement of the parties' arbitration agreements by transferring the cases to me. *Mintze v. American General Financial Services, Inc. (In re Mintze)*, 434 F.3d 222, 229–31 (3d Cir.2006); *Hays and Co. v. Merrill, Lynch, Pierce Fenner & Smith, Inc.*, 885 F.2d 1149, 1156–60 (3d Cir.1989); *Herrington v. Wells Fargo Bank (In re Herrington)*, 374 B.R. 133, 139–41 (Bankr. E.D.Pa.2007). The Third Circuit has instructed that "[w]here an otherwise applicable arbitration clause exists, a bankruptcy court lacks the authority and discretion to deny its enforcement, *unless* the party opposing arbitration can establish congressional intent ... to preclude waiver of judicial remedies for the statutory rights at issue." *Mintze*, 434 F.3d at 231 (emphasis in original). MSC presented no evidence [3] or argument to meet this burden. I therefore lack authority and discretion to transfer these cases from the FINRA arbitration panels to this court. MSC's Motion must therefore be denied.

During oral argument, MSC raised for the first time the issue that only a limited number of Claimants have written agreements that contain arbitration clauses.[4] MSC contends that the remaining Claimants' claims are therefore not subject to arbitration and *Mintze* is inapplicable, The Claimants disputed MSC's claim about the lack of arbitrability. MSC has simply not established facts on the record before me that support this argument.

Despite my repeated entreaties that MSC put on a factual case, MSC presented only oral argument at the February 27, 2009 "hearing." I asked MSC a number of times to present evidence relating to the various arbitration proceedings and other factual issues in MSC's Motion, but it chose not to do so. As a result, I had no evidentiary record on which to consider the arbitrability aspect of MSC's Motion. I regard the Claimants' claims as arbitrable (solely for the purpose of my consideration of MSC's Motion) and *Mintze* applies.[5]

■ If *Mintze* did not bar me from transferring the arbitration cases to this court, I would nonetheless exercise my discretion and deny MSC's Motion as contrary to the best interest of these bank-

---

over 275 plaintiffs...." *See* Brief in Support of Motion of MSC, filed on January 29, 2009, at p. 1. The Trustee states that MSC seeks to transfer approximately two hundred seventy (270) cases pending before 21 different FINRA arbitration panels. *See* Response of Lynn E. Feldman, Chapter 7 Trustee to MSC's Motion, filed on February 16, 2009, ¶ 10. MSC's exhibit "Movant–1," which was put into the record at the February 27, 2009 hearing, appears to indicate 354 plaintiffs, 30 of which appear to be involved in arbitrability disputes. The exact number of claims (whether 270 or 275 or 354) sought to be transferred, however, is not material to my resolution of MSC's Motion.

**2.** The huge majority of the Claimants are represented by two different law firms.

**3.** I provided MSC with an opportunity to present evidence in support of its Motion, but it chose not to do so. The presentations during the February 27, 2009 "hearing" on MSC's Motion, therefore, were limited to oral argument.

**4.** MSC claimed at the hearing that it had raised this issue on page 38 of its Motion, but did not quote the relevant language to me at that time. My post-hearing review showed me that disputed arbitrability of the claims against MSC is barely mentioned in MSC's Motion on page 38 or on any other page.

**5.** In Paragraph 5 of MSC's Motion, MSC lists its affirmative defenses in the various FINRA arbitrations. It does not include an affirmative defense that they are not arbitrable.

ruptcy estates. My fundamental goal in considering MSC's Motion (after determining my statutory and jurisdictional ability to hear the cases) is to avoid delay in the administration of these bankruptcy estates.[6] The first FINRA arbitration is prepared to begin in early to mid-May of this year and many dozens of the remaining arbitrations are presently scheduled to commence within the following four months. I do not believe that this court would be physically capable of trying literally dozens of Claimants' claims before October of this year, which is when MSC's other 68 cases are scheduled to be tried. The October trial date was established upon the parties' statement that a minimum of at least 60–90 days was required for discovery in MSC's 68 cases. MSC unquestionably agreed with and supported that time-frame by noting (with the consent of the plaintiffs' counsel) that each and every plaintiff's case required its own unique discovery.

The remainder of the arbitration cases would probably not be tried until after completion of the 68 MSC cases, which would probably be some time next year. After I hear each Claimant's case, I would be obliged to prepare a report and recommendation for the District Court to render the final decision because I would have only limited, "related to" jurisdiction to hear these cases. 28 U.S.C. § 157(c)(1). The District Court would consider my reports and recommendations in each case and would then either adopt my report and recommendation and issue its decision or hear the matter de novo. The District Court's decision would, of course, be subject to appeal to the Third Circuit Court. The entire hearing and appellate process could quite possibly extend into late 2010 or 2011 for the earliest cases that I might schedule and hear.

On the other hand, 21 arbitration panels are already set to hear the Claimants' claims. The arbitration panels are composed of arbitrators who are well aware of FINRA rules and who are experts in the securities field (which I am not). Moreover, unlike the federal court system, the parties are afforded only limited discovery in the FINRA arbitration system. The Claimants suggested during oral argument that the decisions of the arbitration panels are binding and are not subject to appeal. MSC took issue with this statement and indicated that the decisions of the arbitration panels are, in limited instances, subject to being challenged through a motion to vacate.[7] Under the worst (*i.e.*, the most time-consuming) of circumstances, the discovery and appeals processes are much more truncated in the FINRA arbitration system than in the federal court system.

If these claims were transferred to this court, I would be the only judge assigned to hear them in literally hundreds of separate adversary proceedings, all of which would first be subject to the federal discovery process. My decisions would then be subject to reviews and appeals. Transferring these cases to this court would therefore result in a lengthy delay in adjudication of the Claimants' claims, which would, in turn, unnecessarily delay the administration of these bankruptcy estates. I find that the best, if not only, way to

---

6. I agree with counsel for the Chapter 7 Trustee, who stated that prompt and timely administration of the underlying bankruptcy cases is the Trustee's primary goal in this dispute.

7. Of course, an unsuccessful party before me could also ask me to vacate or reconsider any decision, report, or recommendation that I might make. Counsel for MSC also pointed out that the presently scheduled FINRA arbitrations are subject to continuances. I reminded counsel that the same possible delay by continuances exists with trials scheduled before me.

insure the timely adjudication of the Claimants' claims and the timely administration of these bankruptcy estates is to have these claims heard before the FINRA arbitration panels.

I therefore find that transferring these claims to this court would not be in the best interest of these bankruptcy estates. For these same reasons, I find that MSC's alternative request that I stay the arbitration actions is not in the best interests of these bankruptcy estates. MSC's Motion must be denied; an appropriate order follows.

*ORDER DENYING MOTION OF MUTUAL SERVICE CORPORATION REQUESTING (I) AN ORDER TRANSFERRING ACTIONS PENDING IN ARBITRATION TRIBUNALS OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY TO THE BANKRUPTCY COURT, OR (II) IN THE ALTERNATIVE, AN ORDER STAYING SUCH ACTIONS*

AND NOW, this 4th day of March, 2009, for the reasons set forth in the Statement in Support of Order Denying Motion of Mutual Service Corporation Requesting (I) an Order Transferring Actions Pending in Arbitration Tribunals of the Financial Industry Regulatory Authority to the Bankruptcy Court, or, (II) in the Alternative, an Order Staying Such Actions ("Motion"),

IT IS ORDERED that the Motion is DENIED.